UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CATHY JEAN PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 07-B-1226-E |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY; WAL- | ) |
| MART STORES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss, (doc. 10),[1] filed by defendant Wal-Mart Stores, Inc.[2] Upon consideration of the record, the submissions and arguments of the parties, and the relevant law, the court is of the opinion that Wal-Mart's Motion to Dismiss, (doc. 10), is due to be granted.

Plaintiff's Complaint alleges that defendants did not pay her claim for disability benefits. (Doc. 1 at 1-2.) Defendant Wal-Mart contends that plaintiff's claim against it is due to be dismissed because it is not the Plan Administrator and it is not responsible for the denial of plaintiff's claim for benefits. (Doc. 10 at 2.)

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Plaintiff's Complaint names defendant as "Wal*Mart." (Doc. 1.) Defendant's correct name appears to be "Wal-Mart Stores, Inc." (Doc. 10 at 1.) For purposes of this Memorandum Opinion, the court will refer to this defendant as "Wal-Mart."

Congress enacted the Employee Retirement Income Security Act of 1974 to establish federal guidelines for the creation and maintenance of employee pension and welfare benefit plans in order to protect the pension and welfare benefits of employees and their beneficiaries. *See generally* 29 U.S.C. § 1001 (Congressional findings and declaration of policy). The Act accomplishes this purpose by imposing detailed requirements on specific, statutorily-defined persons having some relationship with an employee benefit plan. *See* 29 U.S.C. § 1002 (Definitions). Section 502 of the Act, 29 U.S.C. § 1132, provides that certain designated persons are empowered to bring a civil action against other persons, who, because of their status, have some special duty imposed on them, to enforce the requirements of ERISA. *See* 29 U.S.C. § 1132.

"The proper party defendant in an action pertaining to ERISA benefits is the party that controls the administration of the employee benefit plan, i.e. the fiduciary." *Deas v. Nation Sheet Metal Workers Union National Pension Fund*, 114 F. Supp. 2d 1259, 1274 (S.D. Ala. 2000)(citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Gendron v. Franklin Life Ins. Co.*, 980 F. Supp. 1233, 1235-36 (M.D. Fla. 1997). As noted in *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005), under ERISA –

> a person is a fiduciary with respect to the plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any

>   discretionary authority or discretionary responsibility in the administration of such plan.
>
>   Significantly, under this definition, a party is a fiduciary only "to the extent" that it performs a fiduciary function.

*Id*. (quoting 29 U.S.C. § 1002(21)(A))(internal citations omitted).

The Plan at issue in this case states:

>   The benefits described in your booklet-certificate (Booklet) are provided under a group insurance policy (Policy) issued by Hartford Life Insurance Company or the Hartford Life and Accident Insurance Company (Insurance Company) and are subject to the Policy's terms and conditions. The Policy is incorporated into, and forms part of, the Plan.  The Plan has designated and ***named the Insurance Company as the claims fiduciary for the benefits provided under the Policy***.  The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

(Doc. 10, Ex. B at 14 [emphasis added].)

Plaintiff's only claim in her Complaint is the failure to pay disability benefits. (Doc. 1.)  The only proper party for this claim is defendant Hartford, which is the named fiduciary for the payment of benefit claims.  (Doc. 10, Ex. B at 14.)  Plaintiff's Complaint contains no allegations sufficient to support a claim against Wal-Mart for the denial of her claim for disability benefits.

For the foregoing reasons, the court is of the opinion that defendant Wal-Mart's Motion to Dismiss, (doc. 10), is due to be granted and plaintiff's claim against it is due to be dismissed.

An Order granting defendant's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 2nd day of November, 2007.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE